EMS/GSG/2011R00832

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA  :  Crim. No. 12-34(JAP)-01

v.  :  18 U.S.C. §§ 1832 and
       1832(a)(4)

YUAN LI  :  I N F O R M A T I O N

RECEIVED
JAN 17 2012
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

<u>Sanofi-Aventis and its Trade Secrets</u>

1. At all times relevant to this Information:

   a. Sanofi-Aventis ("Sanofi") was a global healthcare and pharmaceuticals company, whose United States Headquarters was located in Bridgewater, New Jersey. Through investment in research and development, Sanofi became one of the leading global manufacturers of healthcare products and pharmaceuticals. It was critical to Sanofi's success that its research and development for its future products remained secret.

   b. Sanofi took many steps to protect its trade secrets and its confidential and proprietary information, including but not limited to the following:

      (i) Requiring employees to sign, as a condition of their employment, a confidentiality agreement in which each Sanofi employee agreed to refrain from disclosing any

confidential information to third parties and from using any such information for personal purposes;

 (ii) Requiring employees to participate in its annual web-based security and confidentiality training;

 (iii) Restricting physical access to its Bridgewater facilities – as well as other facilities – and requiring visitors to register and wear badges;

 (iv) Requiring researchers to use lab notebooks when they worked on research and development laboratory studies, which studies by their very nature constituted Sanofi's trade secrets. It was standard Sanofi procedure that each experimental procedure was signed by the scientist and countersigned by another scientist. To maintain the security of lab notebooks and the trade secrets therein, Sanofi scientists were required to check out each lab notebook prior to using them, and check them back in following use. Sanofi logged these events. Sanofi further expected its scientists to lock all lab notebooks in desk drawers or cabinets. Once completed, lab notebooks were transferred to a secured facility;

 (v) Restricting access to its computer systems, by maintaining advanced computer security systems and by protecting all of its trade secret, confidential and proprietary information with passwords; and

 (vi) Maintaining an encrypted document management

system which served as the secure repository for Sanofi's manufacturing, production, and development process documents.

The Defendant YUAN LI and Sanofi

    2.    At all times relevant to this Information:

        a.    YUAN LI was a citizen of the People's Republic of China, who resided in or around Somerset, New Jersey.

        b.    On or about August 8, 2006, LI began working as a medicinal chemist at Sanofi's Bridgewater, New Jersey facility, and was later promoted to research scientist at that location.

        c.    On or about October 2, 2006, LI was provided with an "Inventions Agreement." As part of the agreement, LI acknowledged that she would be given access to confidential information and agreed that it was the property of Sanofi and would not be used or disclosed to others without Sanofi's consent. LI also acknowledged that any research, improvements, and inventions that she made relating to Sanofi's business would be held by her in a fiduciary capacity for the benefit of Sanofi, would not be disclosed to others without Sanofi's written consent, and would be the sole and exclusive property of Sanofi.

        d.    On or about October 2, 2006, LI signed a document entitled "Trade Secrets and Confidential Information." This document stated, in sum and in substance that, in the course of LI's employment with Sanofi, LI would come into contact with Sanofi's trade secrets and other confidential information, such

as product formulas, research plans and programs, marketing plans, manufacturing and packaging processes and related items. The agreement further stated that all of these trade secrets and confidential information constitute Sanofi's property, and was communicated to LI on the explicit understanding that it was to be treated as confidential, was not to be communicated to anyone outside Sanofi, and would remain confidential even in the event of LI's separation from Sanofi.

   e. During the course of her employment at Sanofi, defendant YUAN LI researched and directly assisted in the development of, among others, the following five compounds (collectively the "Sanofi Compounds"): SAR205035, SAR226663, SAR228779A, SAR230091, and SAR237928. The Sanofi Compounds were trade secrets as that term is defined in 18 U.S.C. § 1839(3), and Sanofi viewed them as the potential building blocks for future pharmaceutical applications. The Sanofi Compounds had not been disclosed outside of Sanofi in any manner, including by means of a patent application.

Abby Pharmatech and LI's Theft and Sale of Sanofi Trade Secrets

   3. At all times relevant to this Information:

   a. Defendant YUAN LI was a 50% partner in Abby Pharmatech, Inc. ("Abby Pharmatech"), which purported to be a company engaged in the sale and distribution of chemical compounds for use in the pharmaceutical industry. It further

purported to be the United States subsidiary of a chemical production company in Xiamen, China, known as Xiamon KAK Science & Technology Co. Ltd. The company operated two websites: www.abbypharmatech.com and abbypharmatech.com.

        b. Abby Pharmatech advertised a catalog of chemical compounds for sale (the "Abby Catalog") on its websites and made the Abby Catalog available through a well-known on-line database known among research chemists (the "On-Line Database"). Defendant YUAN LI was responsible for maintaining the Abby Pharmatech websites and the Abby Catalog available on those websites and on the On-Line Database.

        c. Between in or about October 2008 and in or about June 2011, defendant YUAN LI accessed an internal Sanofi database and downloaded information related to the Sanofi Compounds, including their chemical structure, onto her Sanofi-issued laptop computer. Thereafter, LI transferred the downloaded information to her personal home computer by either emailing the information to her personal e-mail address or by using a USB thumb drive. Once available on her personal computer, LI assigned Abby Pharmatech part numbers to the chemical structures of the Sanofi Compounds and included them for sale in the Abby Catalog, which LI made available on Abby Pharmatech's websites and through the On-Line Database.

        4. Between in or about October 2008 and in or about June

2011, in Somerset County, in the District of New Jersey and elsewhere, defendant

YUAN LI,

with the intent to convert a trade secret related to and included in a product for and placed in interstate and foreign commerce, namely the Sanofi Compounds described in Paragraph 2(e), which were developed by Sanofi-Aventis for pharmaceutical and healthcare applications, and with the intent to convert said trade secret to the economic benefit of parties other than Sanofi-Aventis, and intending or knowing that the offense would injure Sanofi-Aventis, did knowingly steal, take, carry away, and conceal such information, and attempt to do the same.

In violation of Title 18, United States Code, Sections 1832(a)(1) and 1832(a)(4).

PAUL J. FISHMAN
United States Attorney

CASE NUMBER: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

YUAN LI

# INFORMATION FOR

18 U.S.C. §§ 1832 and 2

**PAUL J. FISHMAN**
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

GURBIR S. GREWAL
ERIC M. SCHWEIKER
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
973-645-2931