**U.S. Department of Justice**

United States Attorney
District of New Jersey

---

Eric M. Schweiker, Assistant U.S. Attorney

402 East State Street, Room 430
Trenton, New Jersey 08608

Main No. (609) 989-2190
Fax No. (609) 989-2275

EMS/GG/PL AGR
2011R00832

RECEIVED
JAN 17 2012
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

November 1, 2011

Paul B. Brickfield, Esq.
Brickfield & Donahue
70 Grand Avenue, Suite 102
River Edge, NJ 07661

    Re: <u>Plea Agreement with YUAN LI</u> /12-34(JAP)-01

Dear Mr. Brickfield:

    This letter sets forth the plea agreement between your client, YUAN LI, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until November 30, 2011, and if an executed agreement is not received in this Office before that date, this offer will expire.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from YUAN LI to a one-count Information, which charges theft of trade secrets, in violation of 18 U.S.C. §§ 1832 and 2. If YUAN LI enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against YUAN LI for her theft of chemical compound formulas from her former employer, Sanofi Aventis ("Sanofi"), during the time period of January 1, 2010, and July 27, 2011. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by YUAN LI may be commenced against her, notwithstanding the expiration of the limitations period after YUAN LI signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1832 to which YUAN LI agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon YUAN LI is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence YUAN LI ultimately will receive.

Further, in addition to imposing any other penalty on YUAN LI, the sentencing judge: (1) will order YUAN LI to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order YUAN LI to pay restitution pursuant to 18 U.S.C. §§ 3663A et seq.; (3) may order YUAN LI, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; and (4) pursuant to 18 U.S.C. § 3583, may require YUAN LI to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should YUAN LI be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, YUAN LI may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, YUAN LI agrees to make full restitution to Sanofi for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, in the amount of $131,000. YUAN LI also agrees, as a part of this plea agreement, to take any reasonable steps that the United States requests of her to aid Sanofi in removing any chemical compound formulas stolen by YUAN LI from the public domain.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on YUAN LI by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of YUAN LI's activities and relevant conduct with respect to this case.

Stipulations

This Office and YUAN LI agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or YUAN LI from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and YUAN LI waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against YUAN LI. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against YUAN LI.

No Other Promises

This agreement constitutes the plea agreement between YUAN LI and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Eric M. Schweiker
Gurbir Grewal
Assistant U.S. Attorneys

APPROVED:

EREZ LIEBERMANN,
Chief Computer Hacking &
IP Crimes Unit

I have received this letter from my attorney, Paul B. Brickfield, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____   Date: 11/23/11
YUAN LI



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____   Date: 11/23/11
Paul B. Brickfield, Esq.

<u>Plea Agreement With YUAN LI</u>

<u>Schedule A</u>

1. This Office and YUAN LI recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and YUAN LI nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence YUAN LI within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and YUAN LI further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2010, applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. Pursuant to U.S.S.G. § 2B1.1(a)(2), this guideline carries a Base Offense Level of 6.

3. Specific Offense Characteristic § 2B1.1(b)(1)(E) applies, because the loss amount is greater than $70,000 but less than $120,000. This Specific Offense Characteristic results in an increase of 8 levels.

4. Specific Offense Characteristic § 2B1.1(b)(9)(C) applies, because the offense involved sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

5. YUAN LI abused a position of private trust in a manner that significantly facilitated the commission or concealment of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.3. This results in an increase of 2 levels.

6. As of the date of this letter, YUAN LI has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if YUAN LI's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, YUAN LI has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If YUAN LI enters

a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition YUAN LI's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, YUAN LI will be entitled to a further 1-point reduction in her offense level pursuant to U.S.S.G. § 3E1.1(b).

8.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to YUAN LI is 15 (the "agreed total Guidelines offense level").

9.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 15 is reasonable.

10. YUAN LI knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Plea Agreement With YUAN LI
===

Schedule A
===

1. This Office and YUAN LI recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and YUAN LI nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence YUAN LI within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and YUAN LI further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2010, applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. Pursuant to U.S.S.G. § 2B1.1(a)(2), this guideline carries a Base Offense Level of 6.

3. Specific Offense Characteristic § 2B1.1(b)(1)(E) applies, because the loss amount is greater than $70,000 but less than $120,000. This Specific Offense Characteristic results in an increase of 8 levels.

4. Specific Offense Characteristic § 2B1.1(b)(9)(C) applies, because the offense involved sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

5. YUAN LI abused a position of private trust in a manner that significantly facilitated the commission or concealment of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.3. This results in an increase of 2 levels.

6. As of the date of this letter, YUAN LI has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if YUAN LI's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, YUAN LI has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If YUAN LI enters

a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition YUAN LI's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, YUAN LI will be entitled to a further 1-point reduction in her offense level pursuant to U.S.S.G. § 3E1.1(b).

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to YUAN LI is 15 (the "agreed total Guidelines offense level").

9. YUAN LI reserves the right to move for a downward departure pursuant to U.S.S.G. § 5K2.13 on the basis of gambling addiction. The government reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 15 is reasonable.

10. YUAN LI knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.